UNITED STATES of America,
Appellee,

v.

Luis Yair GUTIERREZ–
LOPEZ, Appellant.

No. 00–3832.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 2001.

Filed March 21, 2001.

1. The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

698

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

PER CURIAM.

Luis Yair Gutierrez–Lopez pleaded guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a). His sentence was enhanced under 8 U.S.C. § 1326(b)(2) and U .S.S.G. § 2L1.2(b)(1)(A) because he had previously been deported after being convicted of an aggravated felony. The district court[1] sentenced him to 78 months imprisonment and 3 years supervised release.

Gutierrez–Lopez argues on appeal that because the fact of a prior aggravated-felony conviction was not alleged in the indictment and was neither proven to a jury nor admitted through his guilty plea, the enhanced sentence violates the standards announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We reject this argument because *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which upheld the validity of the section 1326(b)(2) aggra-

vated-felony enhancement for section 1326(a) violators, was not overruled by *Apprendi*. See 120 S.Ct. at 2362; *United States v. Aguayo–Delgado*, 220 F.3d 926, 932 n. 4 (8th Cir.) ("In *Apprendi*, the Court left *Almendarez–Torres* untouched, although ... [it] expressed a willingness to reconsider it."), *cert. denied*, —— U.S. ——, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000). Accordingly, we affirm the judgment of the district court.

---

1. The Honorable Joseph F. Bataillon, United States District Judge for the District of Ne-   braska.